IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

                    Plaintiff,

    v.

UW HOSPITAL AND CLINICS,
SUTCHIN PATEL, BURTON COX,
SRIHARAN SIVALINGAM, WI HEALTH
CARE LIABILITY PLAN/WI COMMISSIONER
OF INSURANCE and INJURED PATIENTS
AND FAMILY COMPENSATION FUND,

                    Defendants.

ORDER

16-cv-639-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated November 21, 2016, dkt. #9, I screened plaintiff Mustafa-El Ajala's complaint in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A and I allowed him to proceed on claims that various doctors failed to provide adequate treatment for his hypercalcemia and hyperparathyroidism, in violation of the Eighth Amendment and state law. Plaintiff has filed a separate motion to "seal" various paragraphs of his complaint on the ground that they "contain very, personal, sensitive, private and embarrassing medical information." Dkt. #6.

      I am denying plaintiff's motion for two reasons. First, under Administrative Order No. 311 (which I have attached to this order), any motion to seal a document must be

1

accompanied by a redacted version of the document to be sealed. Plaintiff did not submit a redacted version of his complaint.

Second, it is a rare case in which the document that begins the lawsuit may be kept from public view. Courts do not serve as the private arbiters of the parties; "the presumption [is] that judicial proceedings are public." In re Cudahy, 294 F.3d 947, 952 (7th Cir. 2002). It is particularly inappropriate to conceal the complaint because it serves not only the purpose of giving notice to the defendants, but also to other parties who may have an interest in the lawsuit. Further, because a complaint need not contain "detailed factual allegations," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), there should be few cases in which a plaintiff is forced to include confidential information. In any event, "[i]nformation that affects the disposition of litigation belongs in the public record unless a statute or privilege justifies nondisclosure." United States v. Foster, 564 F.3d 852, 853 (7th Cir.2009). Because I relied on the complaint in the screening order, this rule applies to the complaint. Although plaintiff says that his complaint includes private and embarrassing information, he does not explain in his one-page motion why any particular paragraph in his complaint should be considered private, let alone that it meets the standard for keeping a document sealed under the law of this circuit.

ORDER

IT IS ORDERED that plaintiff Mustafa-El Ajala's motion to seal portions of the complaint, dkt. #6, is DENIED.

Entered this 22d day of November, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge