IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

                    Plaintiff,

  v.                                                OPINION & ORDER

UW HOSPITAL AND CLINICS, SUTCHIN PATEL,
BURTON COX, SRIHARAN SIVALINGAM, WI        16-cv-639-bbc[1]
HEALTH CARE LIABILITY PLAN, and INJURED
PATIENTS AND FAMILY COMPENSATION FUND,

                    Defendants.

---

    Pro se prisoner and plaintiff Mustafa-El Ajala is proceeding on the following claims:

> (1) defendants Burton Cox, Sutchin Patel, and Sriharan Sivalingam consciously failed to diagnose Ajala's hypercalcemia and hyperparathyroidism and make reasonable efforts to cure his conditions before 2013, in violation of the Eighth Amendment and the Wisconsin common law of negligence;
>
> (2) defendant Cox refused to prescribe citrate for Ajala for more than two years, in violation of the Eighth Amendment and the Wisconsin common law of negligence;
>
> (3) after Ajala had surgery in 2013 to remove a kidney stone, defendant Cox refused to give him adequate pain medication, in violation of the Eighth Amendment and the common law of negligence;
>
> (4) defendant University of Wisconsin Hospital and Clinics may be held liable for the negligence of defendants Patel and Sivalingam under the doctrine of respondent superior; and
>
> (5) if defendants Patel, Sivalingam or University of Wisconsin Hospital and Clinics is found liable on one or more of plaintiff's state law claims, Wisconsin Health Care Liability Plan and Injured Patients and Family Compensation Fund may be

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of this case.

required to pay all or a portion of the judgment pursuant to Wis. Stat. §§ 632.24 and 655.27.

Several matters are now before the court: (1) a proposed amended complaint, Dkt. 19; (2) a motion in which defendants ask the court to screen the complaint, Dkt. 25; (3) Ajala's "motion for an order establishing the amended complaint as the operative complaint," Dkt. 26; and (4) Ajala's motion to voluntarily dismiss defendant Wisconsin Health Care Liability Plan from the case.

I am rejecting the proposed amended complaint because Ajala's new allegations do not state a claim upon which relief may be granted. However, I will grant Ajala's motion to dismiss the complaint as to the plan. Ajala says that none of the individual defendants are covered by the plan, so the plan cannot be held liable. Accordingly, I will dismiss the plan with prejudice.

ANALYSIS

Screening of the amended complaint is required under 28 U.S.C. § 1915(e)(2) and § 1915A, which require the court to dismiss the complaint if it is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a party who is immune. (Because screening is a statutory requirement, defendants did not need to file a motion asking the court to screen the amended complaint.) Ajala does not highlight or otherwise mark the changes he made in his 68-paragraph amended complaint, as Judge Crabb generally requires. *E.g.*, *Czapiewski v. Bartow,* No. 07-cv-549-bbc, 2008 WL 4078792, at *1 (W.D. Wis. Apr. 21, 2008) ("[I]t is this court's policy to ask the plaintiff to file a proposed amended complaint that looks just like the original except that plaintiff is to . . . highlight all the new or modified allegations he has made to the body of the complaint or to his request

2

for relief."). [2] However, in a letter accompanying the amended complaint, Ajala states that the new complaint is "essentially the same." Dkt. 19-1. The only changes he identifies are "a denial of informed consent claim, a negligence claim against UWHC itself, and additional facts regarding failure to treat his high calcium levels and for injunctive relief." *Id.* Because Ajala states that he has not made extensive changes, I will not require him to resubmit his complaint in accordance with Judge Crabb's practice. However, Ajala should follow those instructions if he submits another new complaint in this case or any other.

As noted above, Ajala is already proceeding on a claim regarding the failure to treat his high calcium levels. Because he does not suggest that the "additional facts" he provided change the scope of his claim, it is unnecessary to discuss those new facts. Similarly, I need not screen his request for injunctive relief because that is not part of his claims. *Selective Ins. Co. of S. Carolina v. City of Paris,* 769 F.3d 501, 508 (7th Cir. 2014). If Ajala prevails on any claim, the court will consider at that time whether he is entitled to an injunction.

This leaves Ajala's claims for informed consent against all of the defendants and for negligence against defendant University of Wisconsin Hospital and Clinics. A claim for informed consent under Wisconsin law has three elements: (1) the patient was not informed of the risks in the proposed treatment or procedure of which a reasonable person in the patient's position would wish to be made aware; (2) a reasonable person in the patient's position presented with such information would not have chosen to submit to the treatment or procedure; and (3) the failure to disclose such information was a cause of the patient's

---

[2] Another problem with the amended complaint is that Ajala lists only one defendant in the caption, followed by the abbreviation "et al." Under Federal Rule of Civil Procedure 10(b), all parties must be included in the caption of the complaint. *Myles v. U.S.,* 416 F.3d 551, 551 (7th Cir. 2005). However, because I am rejecting the amended complaint and the caption of the original complaint lists all the defendants, Ajala does not need to file an amendment.

injuries. *Hannemann v. Boyson,* 2005 WI 94, ¶ 50, 282 Wis. 2d 664, 698 N.W.2d 714. Ajala's amended complaint does not state a claim under this standard for the simple reason that Ajala does not identify any treatment that defendants provided that he would have refused had defendants provided more information to him. Rather, Ajala's claim seems to be that defendants "failed to inform [him] that he had . . . hypercalcemia and hyperparathyroidism [and about] the viable modes of treatment." Dkt. 19, at ¶ 55. That is simply a restatement of Ajala's claim for medical negligence, a claim on which he is already proceeding.

In the original screening order, Judge Crabb allowed Ajala to proceed against defendant University of Wisconsin Hospital and Clinics under the doctrine of respondeat superior, but she dismissed Ajala's claims against the hospital for negligent hiring, training, and supervision because he did not include any facts in his complaint suggesting that the hospital was negligent in any way. I see no new allegations in the amended complaint that would alter Judge Crabb's conclusion. Rather, Ajala's allegations still rely on the premise that the hospital "is responsible for the breach of applicable medical care occasioned by its employees and agents." Dkt. 19, at ¶ 61. He does not identify any failure by the hospital in screening its employees, hiring them, or supervising them.

In sum, Ajala has not identified any new claims that survive screening under § 1915(e)(2) and § 1915A. Because Ajala says that he has not otherwise changed the scope of his claims, I see no reason to substitute the amended complaint. The original complaint will remain the operative pleading.

Ajala raises two other issues in his "motion for an order establishing the amended complaint as the operative complaint." First, he asks the court for a ruling that his amended

complaint "relates back" to his original complaint. Dkt. 26, at 2-3. Because I am not accepting the amended complaint, that request is moot.

Second, he says that that the process receipt for defendant Patel "does not indicate it was served on him." *Id.* at 3. That is incorrect. The marshal signed the statement on the receipt that Patel was "personally served" at his address on December 19, 2016. Dkt. 20. In any event, Patel had filed an answer without raising any objections to service. Dkt. 23.

ORDER

IT IS ORDERED that:

1. The proposed amended complaint filed by Mustafa-El Ajala, formerly known as Dennis Jones-El, Dkt. 19, is REJECTED. The original complaint remains the operative pleading.

2. Defendants' motion for screening, Dkt. 25, is DENIED as unnecessary.

3. Ajala's "motion for an order establishing the amended complaint as the operative complaint," Dkt. 26, is DENIED.

4. Ajala's motion to voluntarily dismiss defendant Wisconsin Health Care Liability Plan, Dkt. 27, is GRANTED. The complaint is DISMISSED WITH PREJUDICE as to that defendant.

Entered January 23, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge