IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

                 OPINION and ORDER

        Plaintiff,

                 16-cv-639-bbc

    v.

UW HOSPITAL AND CLINICS,
SUTCHIN PATEL, BURTON COX,
and SRIHARAN SIVALINGAM,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Mustafa-El Ajala is proceeding on claims that health care staff at the Wisconsin Secure Program Facility and the University of Wisconsin Hospital and Clinics failed to provide plaintiff adequate treatment for his hypercalcemia and hyperparathyroidism, in violation of both the Eighth Amendment and state law. Plaintiff has filed two motions that are ready for review: (1) a motion that I construe as a motion to strike portions of defendants' answer under Fed. R. Civ. P. 12(f), dkt. #43; and (2) a motion for assistance in recruiting counsel, dkt. #49. For the reasons explained below, I will deny the first motion and grant the second.

1

OPINION

A. Motion to Strike Defendants' Answer

Plaintiff's first motion is called "motion for an order directing defendants to answer the pleadings fairly or have their responses deemed admissions." Of course, that type of motion is not identified in the Federal Rules of Civil Procedure, but plaintiff's argument essentially is that many of defendants' responses to his allegations are insufficient on their face, so I am construing the motion as one to strike the answer under Rule 12(f).

Plaintiff raises two types of objections to defendants' answer. First, he says that defendants erred in refusing to respond to some of his allegations on the ground that the allegations were legal conclusions. Second, he says that defendants refused to admit many of his allegations on the ground that they did not have sufficient information to form a belief about those allegations, even though he believes that defendants know the allegations are true.

The first argument is a nonstarter because defendants anticipated plaintiff's objection. In any instance in which defendants objected to an allegation as a legal conclusion, they followed it with the following sentence: "To the extent the paragraph makes factual allegations regarding Plaintiff's medical care, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore DENY." E.g., Ans., dkt. #41, ¶ 18. Thus, regardless whether defendants were correct in how they characterized a particular allegation, plaintiff received a responsive answer.

As to plaintiff's second argument, under Rule 8(b)(5), a defendant is permitted to

answer an allegation by stating that he lacks sufficient knowledge about the truth of the information. Plaintiff ignores this provision and instead cites Rule 8(b)(2), which states that "[a] denial must fairly respond to the substance of the allegation." He also cites American Photocopy Equipment Co. v. Rovico, Inc., 359 F.2d 745, 747 (7th Cir. 1966), which in turn quoted Harvey Aluminum (Incorporated) v. NLRB, 335 F.2d 749, 758 (9th Cir. 1964), for the proposition that "an answer asserting want of knowledge sufficient to form a belief as to the truth of facts alleged in a complaint does not serve as a denial if the assertion of ignorance is obviously sham."

Rule 8(b)(2) does not describe the circumstances under which a party may answer an allegation as permitted under Rule 8(b)(5), so it is not necessarily instructive. The precedential value of American Photocopy is in question because the Court of Appeals for the Seventh Circuit has never repeated the same proposition since and because Harvey Aluminum has been overruled. In re Mortgages Ltd., 771 F.3d 623, 631–32 (9th Cir. 2014).

Even if I assume that Rule 8 requires defendants to admit allegations under some circumstances, plaintiff has failed to show that defendants violated the rule. He does not develop an argument in his brief showing that defendants had knowledge about any particular allegation. Instead, he cites generally to large sections of his complaint and makes a conclusory assertion that defendants should have admitted those allegations because the relevant information is in his medical records, which plaintiff authorized defendants to review before he filed this lawsuit. By failing to develop an argument with respect to

3

particular allegations, plaintiff forfeited the argument. Pruitt v. City of Chicago, Illinois, 472 F.3d 925, 930 (7th Cir. 2006).

In any event, even under American Photocopy, there is no requirement on defendants to review a voluminous set of documents about the plaintiff in the short amount of time allotted to answer the complaint in order to determine the extent to which (1) the documents support the plaintiff's allegations; and (2) the defendants agree with the information in those documents. Rather, in American Photocopy, 359 F.2d at 747, the party had refused to admit allegations about the content of its own licenses, a subject about which the party had personal knowledge.

The gist of plaintiff's motion is that he is frustrated that the defendants have not admitted all the allegations he believes they should have. That is understandable, but that does not mean he can file what is in essence a premature motion for summary judgment to establish certain facts as a matter of law. A defendant cannot challenge the sufficiency of the complaint on the ground that an allegation is not actually true, so a similar rule should apply to the answer. After all, the purpose of an answer is simply to put the plaintiff on notice of possible factual disputes and defenses. Once that purpose is satisfied, the case should proceed to the discovery phase. As I noted in Prude v. Milwaukee County, 2014 WL 1276516, at *1 (W.D. Wis. 2014), when rejecting an argument similar to plaintiff's, "[i]f plaintiff[] believe[s] that some of [his] allegations cannot be denied plausibly, [he is] free to serve defendants with requests for admissions under Fed. R. Civ. P. 36."

It makes little sense to delay the progression of a case by devoting resources to

4

questions that can be resolved easily later in the case. That is likely why motions like plaintiff's are rarely filed. Parties realize that it is more efficient to proceed with discovery than to litigate issues that will do little to bring the case to a resolution. Regardless, plaintiff has not shown that he is entitled to relief, so I am denying his motion to strike defendants' answer.

B. Motion for Assistance in Recruiting Counsel

A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. 28 U.S.C. § 1915(e)(1). A party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford his own lawyer. Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). Finally, he must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007).

I am persuaded that plaintiff has met each of these requirements. First, he is proceeding in forma pauperis, which means that he is indigent. Second, he has submitted letters from several lawyers who declined to represent him. Dkt. #51-1. Third, in light of the complexity of the case, I conclude that it is appropriate to assist plaintiff in finding a lawyer to represent him.

5

ORDER

IT IS ORDERED that

1. The "motion for an order directing defendants to answer the pleadings fairly or have their responses deemed admissions," dkt. #43, which I am construing as a motion to strike the answer, filed by plaintiff Mustafa-El Ajala, formerly known as Dennis Jones-El, is DENIED.

2. Plaintiff's motion for assistance in recruiting counsel, dkt. #49, is GRANTED. All remaining deadlines are STRICKEN and the case is STAYED pending recruitment of counsel for plaintiff. If I find counsel willing to represent plaintiff, I will advise the parties of that fact. Soon thereafter, a status conference will be held to set a new schedule. Plaintiff is advised that, because of the large number of requests for counsel that the court receives, it may take several weeks or even months before the court locates counsel willing to represent him.

Entered this 16th day of May, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge