IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

              Plaintiff,

v.

UW HOSPITAL AND CLINICS,
SUTCHIN PATEL, BURTON COX,
and SRIHARAN SIVALINGAM,

              Defendants.

ORDER

16-cv-639-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Mustafa-El Ajala is proceeding on claims that health care staff at the Wisconsin Secure Program Facility and the University of Wisconsin Hospital and Clinics failed to provide plaintiff adequate treatment for his hypercalcemia and hyperparathyroidism, in violation of both the Eighth Amendment and state law. The case has been stayed for more than a year while the court attempted to find counsel for plaintiff. Dkt. #53. During this time, the court has contacted members of the Western District of Wisconsin Bar Association and the Seventh Circuit Bar Association on numerous occasions to seek assistance for plaintiff.

      Unfortunately, no lawyer has agreed to take the case and the court has exhausted its options. In April 2018, plaintiff was transferred to a prison in Virginia, making it even less likely that counsel in Wisconsin will be willing to represent him on a pro bono basis. Thus, plaintiff now has a choice: (1) proceed on his own without counsel; or (2) dismiss this case

1

without prejudice.

If plaintiff chooses the first option, I will direct the clerk of court to set a telephone conference with Magistrate Judge Stephen Crocker to determine a new schedule for the case. After that, it will be up to plaintiff to determine how to litigate his claim. The court cannot provide legal advice.

If plaintiff chooses to dismiss the case, the dismissal will be without prejudice, which means that plaintiff could file a new case at a later date. However, the statute of limitations would continue to run. Dupuy v. McEwen, 495 F.3d 807, 810 (7th Cir. 2007) ("[W]hen a suit is dismissed without prejudice, the statute of limitations continues to run from the date (normally the date of the injury) on which the claim accrued.").

Finally, plaintiff has filed a motion requesting the court to order defendants to engage in alternative dispute resolution. He states that because of he is out of state, he will have difficulty obtaining the discovery he needs and gaining access to Wisconsin law. Plaintiff raises valid concerns, but I will not order defendants to engage in mediation or other alternative dispute resolution at this time. Although parties are always encouraged to consider mediation and settlement, this court does not generally require parties to engage in mediation. This is particularly true where only one party has expressed an interest in mediation. Plaintiff should work with defendants' counsel to obtain the discovery and legal materials he needs. If he cannot obtain what he needs after communicating with counsel, he should contact the court for assistance.

ORDER

IT IS ORDERED that

1. The stay in this case is LIFTED.

2. Plaintiff Mustafa-El Ajala may have until October 1, 2018, to inform the court in writing whether he wishes to: (1) continue litigating the case but without counsel; or (2) dismiss the case without prejudice.

3. If plaintiff chooses the first option, the clerk of court will set a telephone scheduling conference with Magistrate Judge Crocker. If plaintiff fails to respond by October 1, I will construe his silence to mean that he is choosing the second option and I will direct the clerk of court to close the case.

4. Plaintiff's motion for an order requiring alternative dispute resolution, dkt. #56, is DENIED.

Entered this 17th day of September 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge