IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MUSTAFA-EL K.A. AJALA,
formerly known as DENNIS E. JONES-EL,

                           Plaintiff,

    v.

UW HOSPITAL AND CLINICS,
SUTCHIN PATEL, BURTON COX,
and SRIHARAN SIVALINGAM,

                           Defendants.

ORDER

16-cv-639-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and prisoner Mustafa-El Ajala is proceeding on claims that health care staff at the Wisconsin Secure Program Facility and the University of Wisconsin Hospital and Clinics failed to provide him adequate treatment for his hypercalcemia and hyperparathyroidism, in violation of both the Eighth Amendment and state law. The case was stayed for more than a year while the court attempted to find counsel for plaintiff. Unfortunately, no lawyer expressed willingness to take the case. On September 17, 2018, I directed plaintiff to notify the court whether he wished to proceed with his case on his own or dismiss the case without prejudice. Dkt. #58. Plaintiff then requested that the court attempt to recruit counsel for the limited purpose of assisting him with discovery or, in the alternative, to recruit a neutral medical expert, but I denied that request, explaining that the court had exhausted its options in trying to recruit counsel for plaintiff. Dkt.

1

#61. I also explained that this court rarely recruits medical experts and that plaintiff's request that the court do so for his case was premature. Plaintiff decided that he would continue litigating the case his own. Dkt. #59.

Now plaintiff has renewed his request that the court recruit counsel to assist him with discovery and recruit a neutral medical expert. Dkt. #64. Plaintiff says that because he is now incarcerated in Virginia, it is extremely difficult for him to litigate his case. He also states that he needs an expert to prove his state law claims against the medical providers. Although I am sympathetic to plaintiff's situation, I will deny his requests for the reasons I explained previously. There are simply not enough lawyers available that are willing and able to take these cases. The court attempted to recruit counsel for plaintiff for more than a year, but no lawyer expressed any interest in taking the case in any capacity. At present, the court is attempting to recruit pro bono counsel for more than 12 pro se prisoners, many of whom have had their cases delayed for several months. If I granted plaintiff's motion and stayed this case again, it is likely that the case would be delayed for several more months without any lawyer agreeing to represent plaintiff. Moreover, as I explained previously, plaintiff is much more capable than the average pro se litigant. He is an intelligent and experienced litigator who understands the factual and legal issues relevant to his claim and he is able to communicate effectively with the court.

As for his request for a neutral medical expert, I will deny this request for reasons explained already. This court rarely recruits medical experts because finding a medical expert who is willing and able to provide opinions in a case like this is extraordinarily

difficult. This is particularly true where the disputed factual issues regarding treatment decisions have not yet been presented to the court through summary judgment briefing. Until I have reviewed the record and determined that there are factual issues that are in dispute and can be resolved only with a medical expert, I will not attempt to recruit one.

Plaintiff also requests that the court require the Wisconsin Department of Corrections officials to provide him the legal and medical files that he needs to litigate this case. He says that Wisconsin officials have refused to send many of his legal and medical files to Virginia. However, I cannot grant relief to plaintiff unless he provides more details about what materials he needs and what efforts he has made to obtain them. If he thinks he needs certain legal or medical files to litigate this case, he should request specific files from counsel for the state defendants. If defendants refuse to provide the files, plaintiff should then seek assistance from the court by filing a motion to compel.

Finally, defendants filed a joint motion to stay proceedings pending a decision on plaintiff's motion for assistance in recruiting counsel and for a medical expert. Dkt. #68. I will deny that motion. Plaintiff's filing a renewed request for assistance in recruiting counsel should not have caused defendants to delay discovery or cease preparing any dispositive motions that they intend to file.

ORDER

IT IS ORDERED that

1. Plaintiff Mustafa-El Ajala's motion for recruitment of counsel for discovery, for

appointment of a neutral medical expert and for an order requiring defendants to provide medical and legal files, dkt,. #64, is DENIED without prejudice.

2. Defendants' motion to stay deadlines, dkt. #68, is DENIED.

Entered this 8th day of July, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge